**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50473
Summary Calendar

ANGELA WILLIAMS

Plaintiff - Appellant

VERSUS

ALBERTSONS, INC.

Defendant - Appellee

Appeal from the United States District Court
For the Western District of Texas
(MO-95-CV-3)
March 13, 1996

Before HIGGINBOTHAM, DUHÉ AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Plaintiff sued Albertsons, Inc. for negligence and slander because its pharmacist refused to fill her prescription, called her a thief and a forger and told other pharmacists she was a thief and a forger. The district court, sitting in diversity, granted summary judgment because plaintiff's slander claims are barred by the statute of limitations and because Albertsons is under no duty to fill Plaintiff's prescription. Plaintiff does not contest the dismissal of her slander claims but argues that Albertsons has a

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

duty to fill her prescription.  Finding no duty, we affirm.

Plaintiff suffers from atopic dermatitis, a condition which is not cured but managed.  Delays which occurred after the pharmacist refused to fill Plaintiff's prescription aggravated the condition to the point that the topical medication was not sufficient, and Plaintiff was required to undergo injections.  Plaintiff argues that Albertsons was negligent and that its negligence caused her injuries.  To recover in negligence, however, Plaintiff must establish that Albertsons was under a duty to fill the prescription.  Otis Engineering Corp. v. Clark, 668 S.W.2d 307 (Tex. 1983).  The existence of a duty is a threshold legal determination reviewed de novo.  Willis v. Roche Biomedical Laboratories, Inc., 21 F.3d 1368 (5th Cir. 1994); El Chico Corp. v. Poole, 732 S.W.2d 306 (Tex. 1987).

Plaintiff or her parents filled her prescriptions at the Albertsons pharmacy for many years prior to the December, 1993 refusal.  Plaintiff argues that this long-term relationship imposed a duty upon Albertsons to fill future prescriptions citing Stuart v. Western Union, 66 Tex. 580, 18 S.W. 351 (Tex. 1885), Billings v. Atkinson, 489 S.W.2d 858 (Tex. 1973) and Pat H. Foley & Co. v. Wyatt, 442 S.W.2d 904 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).  Plaintiff's reliance is misplaced.  Stuart and Foley are breach of contract cases.  Billings is an intentional tort, invasion of privacy case, not a negligence case.

Plaintiff has not cited nor has our research revealed a case where a series of transactions created a duty on the part of a

2

vendor of products or services to enter into future transactions. In fact, professionals do not owe a duty to exercise their particular talents, knowledge, and skill on behalf of every person they encounter in the course of the day. St. John v. Pope, 901 S.W.2d 420 (Tex. 1995)(physician who declines creation of physician-patient relationship not liable for medical malpractice). Plaintiff's sales history with the Albertsons pharmacy does not create a duty to fill future prescriptions.

Plaintiff also argues that Albertsons assumed a duty to act once the pharmacist told Plaintiff's doctor that he was uncomfortable filling the prescription and when the pharmacist submitted Plaintiff's name to an oral network where pharmacists alert each other to consumers who falsify prescriptions. Texas imposes a duty to act when a party undertakes an affirmative course of action for the benefit of another or negligently creates a situation that may injure others. Colonial Savings Ass'n v. Taylor, 544 S.W.2d 116 (Tex. 1976); Buchanan v. Rose, 159 S.W.2d 109 (Tex. 1942).

The pharmacist's refusal was not an affirmative act and the communication of the refusal is not an act which creates a duty. Similarly, the submission of Plaintiff's name to the network after the pharmacist refused to fill the prescription does not give rise to a duty to fill the prescription. The submission was not an act for the benefit of Plaintiff and it did not create a dangerous situation that could be prevented by filling the prescription.

AFFIRMED.